Rose, J.,
concurring:
I concur with the majority and find two additional reasons why this case should be reversed and remanded for a new trial. First, the trial court refused to admit evidence of two accidents subsequent to the incident in question; and second, the nurse employed by Wet ’N Wild deliberately informed the jury that Reingold was receiving Medicare benefits after specifically being told by the court and her attorney not to mention this collateral source of assistance.
This court has held that “evidence of subsequent, similar accidents involving the same [condition] are relevant to causation and a defective and dangerous condition.” Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 415, 470 P.2d 135, 139 (1970). However, this holding was in reference to a strict product liability claim, not a negligence claim as is the one in the present matter. See id. In reaching its conclusion regarding subsequent accidents, this court was persuaded by the discussion in a California treatise which did not limit subsequent occurrences to only strict liability cases:
*972 “The relevancy of other accidents, whether prior or subsequent, depends on the purpose for which the evidence is offered. A subsequent accident would not be relevant on the issue of knowledge or notice of a possibly dangerous condition at the time of the injury giving rise to the action. But a subsequent accident at the same or a similar place, under the same or similar conditions, is just as relevant as a prior accident to show that the condition was in fact dangerous or defective, or that the injury was caused by the condition.”
Id. (quoting B.E. Witkin, California Evidence § 353 (2d ed. 1966)); see also B.E. Witkin, California Evidence § 389 (3d ed. 1986).
Additionally, Ault v. International Harvester Company, 528 P.2d 1148, 1153 (Cal. 1974), held that the lower court did not err by admitting evidence of both prior and subsequent accidents to prove a defective condition or cause of the accident. The court noted that the purpose of providing evidence of the other accidents was to show that all the accidents, including the one in litigation, occurred due to the dangerous condition. Id.
The United States Supreme Court stated that:
[The other accidents] were proved simply as circumstances which, with other evidence, tended to show the dangerous character of the sidewalk .... The frequency of accidents at a particular place would seem to be good evidence of its dangerous character — at least, it is some evidence to that effect.
District of Columbia v. Arms, 107 U.S. 519, 524-25 (1883) (emphasis added). Although the Court did not indicate whether the other accidents were prior or subsequent, I believe that the occurrence of either type of accident should be “good evidence of its dangerous character.” Id.
Reingold was receiving Medicare benefits that covered some of the expenses for his injuries, and Wet ’N Wild’s attorney instructed its on-site nurse not to mention this fact when she testified. When she was asked what Reingold listed as his occupation, she responded, “He said he was disabled. And his insurance was Medicare.” This statement was both non-responsive and in violation of the court’s order. Post-trial, three of the eight jurors indicated that Medicare was openly discussed in jury deliberations. When a witness representing one of the parties deliberately violates a court order and brings before the jury evidence that is prejudicial to the other party, serious sanctions should be imposed. In this case, the reversal of the judgment in Wet ’N Wild’s favor would be appropriate.
*973 Reversal and retrial of this case is mandated because of the reason stated by the majority and the additional errors made by the trial court that I have cited.